-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

06 FEB -9 PM 1:52

ROBERT W. JOHNSON,

       Plaintiff,

-v-                                                 05-CV-0658F
                                                  **ORDER**

OFFICER JOSEPH LEDWIN, OFFICER MELISSA PEREZ,
OFFICER JAMES REESE, OFFICER KENNETH SZYZKOWSKI
and BUFFALO POLICE DEPARTMENT,

       Defendants.

## INTRODUCTION

Plaintiff, Robert Johnson, an inmate of the Greene Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 5). He also requests the appointment of counsel (Docket No. 3), which is denied at this time as premature because there is insufficient information before the Court to make the necessary assessment of plaintiff's claims under the standards promulgated by Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined.

Plaintiff claims that the defendants, City of Buffalo Police Officers Ledwin, Perez, Reese, Szyszkowski and the City of Buffalo Police Department violated his constitutional rights when upon his arrest on January 5, 2004, he was physically assaulted and denied

proper medical care following the assault, and was not informed of his Miranda[1] rights until he was brought back to the scene of his arrest after first being transported to the C District Police Station. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and to the extent that he alleges that he was denied his rights under the Fifth Amendment to the United States Constitution by the delay in being informed of the Miranda warnings said claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See Heck v. Humphrey, 512 U.S. 477 (1994). Service by the U.S. Marshals is ordered with respect to the remaining claims against defendants Officers Ledwin, Perez, Reese, Szyszkowski and the City of Buffalo Police Department.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

S. Ct. 99, 2 L. Ed.2d 80 (1957); *and see* <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Whalen v. County of Fulton</u>, 126 F.3d 400, 405 (2d. Cir. 1997) (citing <u>Eagleston v. Guido</u>, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that to the extent that plaintiff alleges that he was denied his constitutional rights based on the delay in being read of his <u>Miranda</u> warnings, that claim must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted. The remaining claims may proceed at this time. *See, e.g.*, <u>McEachin v. McGuiniss</u>, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that `[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (citations omitted).

## Claim Alleging Violation of Rights under Miranda

To the extent that plaintiff appears to be challenging a criminal conviction arising from the arrest at issue in the

complaint, such claim must be dismissed because it must be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254. When a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Moreover, 28 U.S.C. § 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

See also Preiser, 411 U.S. at 483. A prisoner may not circumvent the exhaustion prerequisites for habeas corpus relief by suing under 42 U.S.C. § 1983 for injunctive or declaratory relief. Id. at 489-90, 1836. The fact that a plaintiff seeks damages for the alleged injury does not change the requirement that such a claim must be brought as a habeas action. See Heck v. Humphrey, 512 U.S. 477 (1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition).

Therefore, to the extent plaintiff is challenging his criminal conviction arising from the arrest on January 5, 2004, based on the failure to be advised of his Miranda warnings immediately upon his arrest, and since there is no allegation that said conviction has

4

been invalidated, said claim must be dismissed because it is not properly brought under 42 U.S.C. § 1983 and can only be brought as a habeas corpus petition under 28 U.S.C. § 2254, following exhaustion of plaintiff's state court remedies, id., § 2254(b).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted and his request for the appointment of counsel is denied. For the reasons discussed above, to the extent that plaintiff is alleging that he was denied his rights under the Fifth Amendment to the United States Constitution by the delay in being informed of the Miranda warnings said claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on City of Buffalo Police Officers Joseph Ledwin, Melissa Perez, James Reese, Kenneth Szyzkowski and the Buffalo Police Department regarding the remaining claims of excessive force (assault) and denial of adequate medical care.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is granted and his request for the appointment of counsel (Docket No. 3) is denied without prejudice;

FURTHER, to the extent that plaintiff alleges that he was denied his rights under the Fifth Amendment to the United States Constitution by the delay in being informed of his *Miranda* rights said claim is dismissed;

FURTHER, the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon City of Buffalo Police Officers Joseph Ledwin, Melissa Perez, James Reese, Kenneth Szyzkowski and the Buffalo Police Department without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   February 7, 2006
         Rochester, New York