UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

                          Plaintiff,

v.

OFFICER JOSEPH LEDWIN,
OFFICER MELISSA PEREZ,
OFFICER JAMES REESE,
OFFICER KENNETH SZYSZKOWSKI,
BUFFALO POLICE DEPARTMENT, and
OFFICERS JOHN DOE 1, 2, 3, 4 and 5,

                          Defendants.

**DECISION**[1]
**and**
**ORDER**
-------------------------
**REPORT**
**and**
**RECOMMENDATION**

05-CV-0658A(F)

---

APPEARANCES:        ROBERT W. JOHNSON, *Pro Se*
                                04-B-1515
                                Southport Correctional Facility
                                Box 2000
                                Pine City, New York 14871-2000

                                ALISA A. LUKASIEWICZ
                                CORPORATION COUNSEL, CITY OF BUFFALO
                                Attorney for Defendants
                                TIMOTHY A. BALL, Assistant Corporation Counsel
                                1102 City Hall
                                65 Niagara Square
                                Buffalo, New York 14202

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on August 25, 2006, for all pretrial matters, including report and recommendation on

---

[1] Although Plaintiff's motion for summary judgment is dispositive, whereas Plaintiff's motion to amend the complaint, for a court order scheduling a date, time and place for witnesses to be deposed upon written questions, for sanctions, and to compel responses to discovery demands are nondispositive, the court addresses all five motions in this combined Decision and Order/Report and Recommendation in the interest of judicial economy.

dispositive motions.  The matter is presently before the court on Plaintiff's motions to amend the complaint (Doc. No. 70), filed October 11, 2007, for a court order scheduling a date, time and place for witnesses to be deposed upon written depositions (Doc. No. 71), filed October 12, 2007, for sanctions (Doc. No. 73), filed October 19, 2007, to compel responses to Plaintiff's request for documents (Doc. No. 77), filed December 7, 2007, and for summary judgment (Doc. No. 78), filed February 25, 2008.

## BACKGROUND and FACTS[2]

Plaintiff, Robert W. Johnson ("Plaintiff" or "Johnson"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on September 16, 2005, alleging that Defendants, including the Buffalo Police Department ("the Police Dep't"), and Buffalo Police Officers Joseph Ledwin ("Ledwin"), Melissa Perez ("Perez"), James Reese ("Reese"), and Kenneth Szyszkowski ("Szyszkowski") (together, "Defendants"), used excessive force in arresting Plaintiff on January 5, 2004, resulting in injuries to Plaintiff, for which Defendants subsequently denied Plaintiff medical treatment, failed to protect Plaintiff, and denial of due process and equal protection, all in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.[3]  Defendants' answer (Doc. No. 7) was filed on April 27, 2006.

On November 24, 2006, Plaintiff moved to file an amended complaint.  On

---

[2] The Facts are taken from the pleadings and motion papers in this action.

[3] Because the alleged violations of Plaintiff's constitutional rights occurred during his arrest, rather than while incarcerated, the Fourth and Fourteenth Amendments, rather than the Eighth Amendment, are the proper source of such rights applicable to Plaintiff's excessive force and denial of medical treatment claims.

December 21, 2006, the motion was granted and, on December 22, 2006, Plaintiff filed the amended complaint (Doc. No. 24) ("Amended Complaint"), which added as Defendants Officers John Doe 1 through 5, as well as factual allegations.  On October 11, 2007, Plaintiff filed a motion to file a second amended complaint (Doc. No. 70) ("Plaintiff's Motion to Amend"), to specify that the Defendant previously identified as Officer John Doe 1 is Lieutenant Michalak.  Although Plaintiff attached to the Motion to Amend an Affirmation of Service indicating Plaintiff served a copy of Plaintiff's Motion to Amend on the Clerk of the Court, Plaintiff does not aver having served a copy of the motion on Defendants.

On October 12, 2007, Plaintiff filed a motion requesting a court order scheduling a date, time and place for witnesses to answer Plaintiff's written deposition questions (Doc. No. 71) ("Plaintiff's Motion for Depositions Upon Written Questions").  Plaintiff's Motion for Depositions Upon Written Questions is accompanied by a Notice of Request for Depositions Upon Written Questions F.R.C.P. 31 (Doc. No. 72) ("Plaintiff's Notice"), containing the written deposition questions Plaintiff seeks to have answered by seven nonparty witnesses who provided medical treatment to Plaintiff following the alleged assault on which the instant action is predicated.  The record contains no affirmation of service indicating Plaintiff served Defendants with the Motion for Depositions Upon Written Questions.

On October 19, 2007, Plaintiff filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f) (Doc. No. 73) ("Plaintiff's Sanctions Motion"), seeking a court order sanctioning Defendants for failing to comply with discovery requests.  Although Plaintiff attached to the Sanctions Motion an Affirmation of Service indicating Plaintiff served a

copy of Plaintiff's Sanctions Motion on the Clerk of the Court, Plaintiff does not aver having served a copy of the motion on Defendants.

On December 7, 2007, Plaintiff filed a Motion to Compel Request for Documents (Doc. No. 77) ("Plaintiff's Motion to Compel), seeking to compel Defendants to provide documents responsive to a request for production of documents Plaintiff filed on August 20, 2007 (Doc. No. 69).  Although Plaintiff attached to the Motion to Compel an Affirmation of Service indicating Plaintiff served a copy of Plaintiff's Sanctions Motion on the Clerk of the Court, Plaintiff does not aver having served a copy of the motion on Defendants.

On February 25, 2008, Plaintiff filed a Motion for Summary Judgment (Doc. No. 78) ("Plaintiff's Summary Judgment Motion), supported by the attached Affidavit of Robert W. Johnson ("Plaintiff's Affidavit"), exhibits, Memorandum of Law ("Plaintiff's Memorandum"), and Statement of Material Facts Not in Dispute ("Plaintiff's Fact Statement").  The record contains no Affirmation of Service indicating Plaintiff served anyone with the motion.

Despite court orders directing responses, Defendants have not filed any responses opposing Plaintiff's Motion to Amend, Motion for Depositions Upon Written Questions, Sanctions Motion, Motion to Compel, or Summary Judgment Motion.

Based on the following, Plaintiff's Motion to Amend, Motion for Depositions Upon Written Questions, Sanctions Motion, and Motion to Compel are DISMISSED without prejudice, and Plaintiff's Summary Judgment Motion should be DISMISSED without prejudice.

**DISCUSSION**

All parties, including those proceeding *pro se*, are required to comply with the Federal Rules of Civil Procedure.  *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (all litigants, including those proceeding pro se, are obligated to comply with court orders and the Federal Rules of Civil Procedure); *see* Local Rules Civil Procedure, WDNY, Rule 5.2(e) ("It is the responsibility of all *pro se* litigants to become familiarity with, to follow, and to comply with the Federal Rules of Civil Procedure . . . .").  As relevant to the instant case, Fed. R. Civ. P. 5(a)(1)(D) requires that service "on every party" of, *inter alia*, "a written motion, except one that may be heard *ex parte*. . . ."  Until served, a pleading or motion has no effect.  *See International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977) (amended complaint remains inchoate until served pursuant to Fed. R. Civ. P. 5(a)), *cert. denied*, 434 U.S. 1014 (1978).

In the instant case, because Plaintiff has served only the Clerk of the Court, and not Defendants, with Plaintiff's Motion to Amend, Motion for Depositions Upon Written Questions, Sanctions Motion, and Motion to Compel, such motions are DISMISSED without prejudice.  Similarly, because the record contains no Affirmation of Service indicating Plaintiff served anyone with Plaintiff's Summary Judgment Motion, such motion should be DISMISSED without prejudice.

## **CONCLUSION**

Based on the following, Plaintiff's Motion to Amend (Doc. No. 70), Motion for Depositions Upon Written Questions (Doc. No. 71), Sanctions Motion (Doc. No. 73), and Motion to Compel (Doc. No. 77) are DISMISSED without prejudice, and Plaintiff's Summary Judgment Motion (Doc. No. 78) should be DISMISSED without prejudice.

SO ORDERED, as to Plaintiff's Motion
to Amend, Motion for Depositions Upon
Written Questions, Sanctions Motion, and
Motion to Compel,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Plaintiff's
Summary Judgment Motion,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  September 2, 2008
        Buffalo, New York

**PURSUANT TO FED. R. CIV. P. 72(a), ANY NOTICE OF APPEAL OF THIS DECISION AND ORDER MUST BE FILED WITH THE CLERK OF THE COURT WITHIN TEN (10) DAYS OF ENTRY.**

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:   September 2, 2008
         Buffalo, New York